# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**JONATHAN P. ROSE,**

      Petitioner,

v.                       **CIVIL ACTION NO.: 3:16-CV-31 (GROH)**

**WARDEN J. SAAD,**

      Respondent.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Michael J. Aloi on December 28, 2016. ECF No. 28. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Aloi for submission of an R&R. Therein, Magistrate Judge Aloi recommends that this Court grant the Respondent's motion to dismiss or for summary judgement, deny the Petitioner's petition and dismiss the same with prejudice. The Petitioner filed a reply to the R&R on January 18, 2017. ECF No. 30. Accordingly, this matter is now ripe for adjudication.

## I. BACKGROUND

On March 23, 2016, Jonathan P. Rose ("Petitioner") filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. In his petition, the Petitioner argues that the Bureau of Prisons ("BOP") has improperly calculated and failed to credit his time served. Specifically, the Petitioner contends that he should be given credit for time served

from December 8, 2004, through June 2, 2005.  On April 22, 2016, the Respondent filed a motion to dismiss or for summary judgment.  ECF No. 12.  Thereafter, Magistrate Judge Aloi entered a Roseboro notice [ECF No. 14], and the Petitioner filed a response on May 2, 2016.  ECF No. 16.

On November 9, 2016, Magistrate Judge Aloi ordered the Respondent to file a supplemental response, which was filed on November 22, 2016.  ECF Nos. 18 & 21.  The Petitioner filed a reply to the Respondent's supplemental response on December 12, 2016.  ECF No. 27.  On December 28, 2016, Magistrate Judge Aloi entered his R&R.  ECF No. 28.  The Petitioner filed a reply to the R&R on January 18, 2017, which was before the deadline for filing objections.  ECF No. 30.  The Court construes the Petitioner's reply to the R&R as objections to the same.

Upon reviewing the record, the Court finds that the facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claim.  For ease of review, the Court incorporates those facts herein.  On July 23, 2004, Petitioner was arrested by state authorities in Michigan.  At the time of his arrest, Petitioner was on parole from a state sentence of six to twenty years, which was imposed in Wayne County, Michigan, on May 13, 1998.  On February 24, 2005, federal authorities borrowed the Petitioner from state authorities pursuant to a writ of habeas corpus ad prosequendum.  The Petitioner was returned to state authorities on March 2, 2005.  On June 2, 2005, the Petitioner was sentenced by the state to a term of imprisonment between seven years, six months and twenty years on count one and a two year term on count two. ECF No. 13-1 at 12. Furthermore, the sentence on count one was consecutive to count two, and the sentences on counts one and two were consecutive to the Petitioner's parole.  The

Petitioner disputes that the sentences were ordered consecutive to parole—meaning consecutive to the remainder of the sentence for which his was parole was rescinded. However, as addressed more fully in analysis portion of the R&R, this Court believes the sentences were indeed ordered to run consecutive to parole.

Thereafter, the Petitioner was borrowed via a writ by federal authorities on a number of occasions. On April 20, 2006, Petitioner was sentenced in the United States District Court for the Eastern District of Michigan to a 120 month term of imprisonment. The federal judgment included language that the Petitioner's federal sentence was to commence on the earlier of December 1, 2009, or when Petitioner was released from the Michigan Department of Corrections. The Petitioner was returned to the state on April 21, 2006, and he remained in state custody until paroled on December 3, 2014. Based on the language contained in the judgment of the Eastern District of Michigan, the BOP approved Petitioner for a nunc pro tunc designation, and his federal sentence commenced on December 1, 2009. The Petitioner's projected release date—the date on which he will complete serving his federal sentence with consideration for good conduct time—is August 17, 2018.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review

and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Pursuant to this Court's local rules, "written objections shall identify each portion of the Magistrate's recommended disposition which is being challenged and shall specify the basis for such objection." LR PL P 12.2.

"When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012). Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200

4

(4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

## III. DISCUSSION

To summarize, the Petitioner is seeking to have time credited (December 8, 2004, until he was sentenced on June 2, 2005) to his federal sentence that was already credited toward the remainder of his state sentences, which he was serving when paroled by Michigan. Accordingly, Magistrate Judge Aloi explained that the time period in question cannot be applied against the Petitioner's federal sentence as prior custody credit because it would amount to double credit in violation of 18 U.S.C. § 3585(b).

The Petitioner lists four objections to the R&R. He argues that (1) he was in actual physical custody of authorities during the period in question and received no credit for that time served; (2) it is "totally absurd" to find that the period in question should not count toward his federal sentence because it was served and credited pursuant to his state parole sentences; (3) Michigan relinquished their vested interest in him as a sovereign the moment the state gave him the opportunity to bond out; and (4) the Magistrate Judge erroneously found that section seven was continued on section eight of Michigan's judgment and commitment order ("J&C").

Upon review of all the filings in this matter, the Court finds that the Petitioner has presented no new facts or arguments in his objections to the magistrate judge's R&R. Rather, the objections reiterate the same arguments the Petitioner made in his original filings, which were considered by the magistrate judge when he issued the R&R. Specifically, these arguments can be found in his § 2241 petition, response to the Respondent's motion to dismiss or for summary judgment, and reply to the Respondent's

supplemental response.  Moreover, the Petitioner cites no legal precedent whatsoever to support any of his arguments or to rebut the magistrate judge's conclusions contained within the R&R.  Therefore, the Court finds that *de novo* review is not required because the Petitioner has failed to make specific objections that present new facts or arguments not already before the magistrate judge.

## IV. CONCLUSION

Accordingly, finding that Magistrate Judge Aloi's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Aloi's Report and Recommendation [ECF No. 28] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.

Thus, the Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [ECF No. 12] is hereby **GRANTED**, and the Petitioner's Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 is **DENIED and DISMISSED WITH PREJUDICE**.  This matter is **ORDERED STRICKEN** from the Court's active docket.

The Clerk is **DIRECTED** to enter judgment for the Respondent.  Because the Petitioner is a federal prisoner seeking relief through a § 2241 petition, the Court makes no certificate of appealability determination in this matter.  The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record and the *pro se* Petitioner.

**DATED:** January 27, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE